**UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

---

No. 99-50170

---

DAVID HICKS,

Petitioner-Appellant,

versus

GARY JOHNSON, DIRECTOR, TEXAS
DEPARTMENT OF CRIMINAL JUSTICE,
INSTITUTIONAL DIVISION,

Respondent-Appellee.

---

Appeals from the United States District Court
for the Western District of Texas

---

August 23, 1999

Before POLITZ, DAVIS, and SMITH, Circuit Judges.

POLITZ, Circuit Judge:

David Hicks was convicted and sentenced to death in proceedings in Texas state court for sexually assaulting and murdering his grandmother. Following unsuccessful challenges to the conviction on direct appeal and through state habeas review, he filed a petition in federal district court under 28 U.S.C. § 2254. The district court denied that petition and Hicks' application for a certificate of appealability. Hicks now seeks that certificate from this court. For the reasons assigned, we deny the application for a certificate of appealability.

Under the Antiterrorism and Effective Death Penalty Act of 1996,[1] "[u]nless

---

[1] 28 U.S.C. § 2241 **et seq.**

a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from . . . the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a [s]tate court."[2]  A certificate of appealability will only issue if a habeas petitioner makes a "substantial showing of the denial of a constitutional right."[3]  "A 'substantial showing' requires the applicant to 'demonstrate that the issues are debatable among jurists of reason; that a court could resolve the issues (in a different manner); or that the questions are adequate to deserve encouragement to proceed further.'"[4]

Hicks, who is black, claims that his rights under the equal protection clause of the fourteenth amendment were violated when the prosecutor exercised his peremptory challenges in a racially discriminatory manner.  In **Batson v. Kentucky**,[5] the Supreme Court outlined the methodology for evaluating a claim that jurors were improperly stricken based on their race.  Initially, the defendant must make a prima facie showing that the challenged strike has been employed in a racially discriminatory manner.  Once this showing has been made, the prosecutor must articulate race-neutral selection criteria.  The district court then must determine whether the defendant has established purposeful racial discrimination.[6]

---

[2]28 U.S.C. §2253(c)(1)(A).

[3]28 U.S.C. § 2253(c)(2).

[4]**Drinkard v. Johnson**, 97 F.3d 751, 755 (5th Cir. 1996) (quoting **Barefoot v. Estelle**, 463 U.S. 880, 893 n.4 (1983)).

[5]476 U.S. 79 (1986).

[6]**Id.** at 93-98.

Of eleven potential black jurors, the prosecutor exercised peremptory strikes against four. Hicks objected to the elimination of three of them. To establish a prima facie case Hicks relied exclusively on statistics. The prosecutor articulated numerous racially-neutral reasons in support of each challenged strike, ranging from educational deficiencies to prior criminal convictions. The state court credited the prosecutor's explanations and found that Hicks had failed to show intentional discrimination against blacks.

Our review of state court findings is sharply circumscribed under 28 U.S.C. § 2254, which requires us to accept as correct a determination of a factual issue by a state court unless the habeas petitioner rebuts same by clear and convincing evidence.[7] We begin with the proposition that the state court appropriately accepted the race-neutral reasons tendered by the prosecutor as truthful and properly rejected Hicks' charges of discrimination. In response Hicks contends that the proffered reasons were pretextual and offers as proof of same the prosecutor's purported failure to strike similarly-situated whites. In support of this contention, Hicks identifies several white jurors who had certain of the objectionable characteristics cited by the prosecutor but were not stricken.

We are not persuaded. None of the individuals Hicks identifies possessed the combination of the negative qualities attributable to the stricken veniremen. The potential jurors were not similarly situated. We previously have rejected such

---

[7] 28 U.S.C. § 2254(e)(1).

3

submissions. In **United States v. Webster**,[8] we stated:

> [Defendant] offers no direct evidence of purposeful discrimination, but rather argues that the government's proffered reasons are pretextual, and the government did not dismiss similar white jurors. Because the determination turns on credibility assessments, we review for clear error. . . . The government offered distinguishing characteristics for each of the jurors [defendant] claims were similarly situated. They had different combinations of qualities, and some had more government-desired qualities than did the jurors the government preempted. . . . The court did not find the proffered reasons pretextual and found no other evidence of purposeful discrimination; we cannot say it clearly erred.[9]

Similarly, the evidence offered by Hicks in this case falls far short of what would be required to cast doubt on the state court's factual findings. Therefore, Hicks has failed to make a substantial showing of a violation under **Batson**.

Hicks next contends that because Texas -- statutorily and extra-statutorily -- has made several changes to its capital sentencing scheme in the wake of **Penry v. Lynaugh**,[10] "similarly-situated . . . capital defendants . . . have been unjustifiably sentenced to death under radically different sentencing schemes." This purported arbitrariness, Hicks submits, violates his constitutional rights under the eighth and fourteenth amendments and requires that his sentence be vacated.

Although this claim would not likely overcome the bar of **Teague v. Lane**[11] or survive a review on its merits, we must reject same on a more fundamental

---

[8]162 F.3d 308 (5th Cir. 1998).

[9]**Id.** at 350 (internal quotations and citations omitted); **see also United States v. Jiminez**, 77 F.3d 95 (5th Cir. 1996); **United States v. Cobb**, 975 F.2d 152 (5th Cir. 1992)..

[10]492 U.S. 302 (1989).

[11]489 U.S. 288 (1989).

4

ground.  The claim is procedurally barred under Tex. Code Crim. Proc. Ann. art. 11.071, § 5(a), which precludes state courts from entertaining a new issue in a successive habeas petition absent facts giving rise to one of the statutory exceptions.  "In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice."[12]

Hicks failed to raise in his state habeas petition the sentencing contention which he now advances.  He does not contend that he qualifies for an exception under Article 11.071, § 5(a).  Nor does he make the showing required to obtain federal consideration of the substantive claim notwithstanding the state procedural default.  Our review persuades that Hicks' failure to raise the sentencing issue can be excused under neither state nor federal law.  Therefore, Hicks has failed to make a substantial showing that he was unconstitutionally sentenced.  For these reasons, we DENY Hicks' application for a certificate of appealability.

---

[12]**Coleman v. Thompson**, 501 U.S. 722, 750 (1991).